IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| JERINE COLEY, | ) |
|       Plaintiff, | ) Case No. 4:05-CV00057 |
| v. | ) **MEMORANDUM OPINION** |
| DANVILLE REDEVELOPMENT AND HOUSING AUTHORITY and DARYL DALTON, | ) By: Jackson L. Kiser |
|       Defendants. | )     Senior United States District Judge |

Before the Court is the *Defendant's Motion for Judgment on the Pleadings or, in the Alternative, Motion for Summary Judgment* [12] which was filed on November 28, 2005 and argued before this Court on January 12, 2006. For the reasons stated in the Record, the **Defendant's Motion** will be **granted** regarding the Plaintiff's Due Process claims; those claims will be dismissed from the docket of this Court with prejudice. The Plaintiff's remaining claims will be **remanded** to the Circuit Court for the City of Danville, and this case will be struck from the docket of this Court.

## I. STATEMENT OF FACTS

Jerine Coley ("Plaintiff") is a resident of the City of Danville who worked as a secretary at the Danville Redevelopment and Housing Authority ("DRHA" or "Defendant") from November 11, 2001 to January 14, 2005. Daryl Dalton, also a Defendant, is the Chief Executive Officer of DRHA. DRHA is a hybrid agency, organized pursuant to state law, which operates public housing in the City of Danville.

The Plaintiff contends that she had an exemplary work record and that she was terminated due to a misapplication of the agency's drug policy. When the Plaintiff was hired in

2001, she had a prescription for a drug called Darvocette because she suffered from recurring migraine headaches.

DRHA has a drug policy, revised in August 2001, which prohibits illegal substances, drugs, alcohol, and the abuse of prescription drugs while on authority property. Each employee is randomly tested for drugs throughout the year. If the employee tests positive for a legal drug, the policy mandates that the employee be given three days to provide verification that the positive result was caused by use of legal medication. The policy allows for suspension pending verification, but upon providing proof of legal use, the employee is re-instated with back pay. The policy also contains a grievance process by which an employee can appeal his termination after he has been terminated.

In this case, the Plaintiff was tested on October 18, 2001 (pre-hiring), August 8, 2002, and April 5, 2004 with negative results. On January 3, 2005, however, she tested positive for Propoxyphene or Darvocette. The Plaintiff contends that over the weekend prior to her testing positive, she developed a migraine headache and took a Darvocette pill. However, the Plaintiff's prescription for Darvocette had expired, she had run out of pills, so she had taken one of her mother's prescribed Darvocette pills over the weekend.

On January 10, 2005 the Plaintiff was notified that she had tested positive for Propoxyphene (Darvocette). The Plaintiff immediately notified Dr. Jacob Moll, the administrator of DRHA's drug testing program, to let him know that she had taken Darvocette the weekend before she tested positive. On January 10, the same day the Plaintiff was notified that she had tested positive, her physician Dr. Lazo sent DRHA a list of the her prescriptions – Darvocette was not included on the list. The Plaintiff admits that she was given adequate time to explain her

Page -2-

positive drug test to DRHA.

After being terminated, the Plaintiff alleges that she was told by the Defendant Dalton that her termination was not grievable, and even if it was, such a grievance would be futile because it would have to go through him. The Plaintiff claims she did not file a grievance because of Dalton's statement. In the January 14, 2005 termination letter sent to the Plaintiff, the Defendants made the Plaintiff aware of the grievance policy and her rights to file a grievance. The Plaintiff admits that she was aware of the DRHA grievance policy but chose not to file a grievance.

In this case, the Plaintiff claims that the procedural and substantive due process rights guaranteed to her by the United States Constitution were violated by the Defendants in the process of her termination. The Plaintiff also makes other non-federal claims in this case.

## II. PROCEDURAL HISTORY

This case was originally filed in the Circuit Court for the City of Danville on October 12, 2005. The Defendants filed a *Notice of Removal* with this Court on that same day. The Defendants subsequently filed a *Motion for Judgment on the Pleadings or, in the Alternative, Motion for Summary Judgment* on November 28, 2005. The Plaintiff filed a *Memorandum in Response to the Motion to Dismiss* on December 8, 2005, and the Defendants filed a *Reply* on December 14, 2005. The Defendants' Motion was argued before this Court on January 12, 2006. A bench trial for this case is currently scheduled for April 7, 2006 at 9:30 AM before this Court.

## III. STANDARD OF REVIEW

Summary judgment is appropriate where no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A

genuine issue of a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citations omitted), *cert. denied*, 513 U.S. 813 (1994); *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1129 (4th Cir. 1987). Nevertheless, where the record taken as a whole cannot lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial and summary judgment is appropriate; that is, the moving party is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## IV. DISCUSSION

When viewed in the light most favorable to the Plaintiff, the material facts in this case regarding the Plaintiff's due process claims are not in dispute. For the reasons stated in the Record during the hearing on this Motion, I find that the Plaintiff's rights to due process were not violated by the Defendants during the process of her termination. Therefore, I will grant the *Defendant's Motion for Judgment on the Pleadings or, in the Alternative, Motion for Summary Judgment* with regard to the Plaintiff's due process claims; those claims will be dismissed from the docket of this Court with prejudice.

> In *United Mine Workers of America v. Gibbs*, the U.S. Supreme Court stated:
>
> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy

sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals. 383 U.S. 715, 726-27 (1966).

The direction given by the Supreme Court in *United Mine Workers* compels me to remand the Plaintiff's remaining claims in this case to the Circuit Court for the City of Danville. This case will be struck from the docket of this Court because no claims remain before this Court.

## V. CONCLUSION

An *Order* will be entered granting the Defendant's *Motion* with regard to the Plaintiff's due process claims, remanding the Plaintiff's remaining claims to the Circuit Court for the City of Danville, and striking this case from the docket of this Court.

The clerk is directed to send a copy of this *Memorandum Opinion* and the accompanying *Order* to all counsel of record.

Entered this 13th day of January, 2006.

s/Jackson L. Kiser  
Senior United States District Judge